Curia, per O’Neaul, J.
The acts done by the widow of the deceased, were such as would usually have been done by a rightful executor. She sold his property at a public sale. The plaintiff, a creditor, was informed of it and made no objection. Under these circumstances, although the defendants probably knew there was no administration, yet they might have bought, supposing her to be the executrix of the testator’s will. For, as was said by judge Huger, in Johnson v. Gaither, in State Reports by Harper, 6, “ a stranger who sees one acting as executor, may presume that there is a will in which he is appointed executor. A stranger is not bound to enquire into an executor’s title; if there be an appearance of it, it is sufficient.” That case is decisive of these, for there the defendant purchased corn belonging to the deceased, from the widow, and it was held not to constitute him an executor de son tort. A creditor has no right to the property of the deceased; he is merely to be paid out of it. When it is shown that it has been sold, that act constitutes the party selling it an executor de son tort, and makes him liable to the extent of the funds thus received, for the creditor’s debt. This is enough for his rights, and he has no right *298 to follow the property into the hands of the vendee. If administration be taken out and the administrator sues for the recovery of the property, then unless the vendee could show that his vendor had a perfect legal right to sell the property, the administrator must recover. For then the issue is, is the property still the goods and chattels of the deceased ?
Henry & Bolo, for the motion.
The motions are dismissed.
Evans, Earle and Butler, Justices, concurred.